BOWEN *against* BELL.

On the return of a *summons* served personally, in a Justice's Court, the defendant did not appear, and his default was entered; and the plaintiff, after stating his demand, not being prepared to prove it, asked for an adjournment, which was granted; and, at the adjourned day, the defendant appeared, and tendered a plea, which the Justice refused: *Held*, that as the defendant appeared, and tendered a plea, as soon as the plaintiff was ready to prove his demand, the plea ought to have been received.

IN ERROR, on *certiorari*, to a Justice's Court. *Bell* sued *Bowen* before the Justice, by a *summons*, which was personally served. On the return day of the summons *Bowen* did not appear. The plaintiff stated his cause of action to the Justice, but being unprepared to prove it, asked for an adjournment of the cause for six days, which was granted. At the day to which the cause was adjourned, the defendant appeared, and tendered a plea to the action. The plaintiff objected to receiving the plea, and the Justice overruled it, on the ground, that the defendant was bound to appear and plead at the return of the process; and his default having been entered, it was too late to offer a plea. The Justice, accordingly, gave judgment for the plaintiff below, for the amount proved by him.

PLATT, J. delivered the opinion of the Court. I find nothing in the statute expressly regulating the practice in a case like the present; but, I am inclined to the opinion, that the Justice erred. There had been no delay occasioned by the defendant. The plaintiff was not ready, on the return of the summons, to proceed *ex parte*; and the adjournment was at his request. The only effect of entering the default of the defendant for not appearing on the return of the process, was to give the plaintiff liberty, if he thought proper, to proceed, at that time, *ex parte*. But, as the defendant appeared, and tendered a plea, as soon as the plaintiff was ready to produce proof of his demand, I see no good reason for rejecting the plea. (*Sweet* v. *Coon*, 15 *Johns. Rep.* 86.) The judgment must, therefore, be reversed.

Judgment reversed.

END OF JANUARY TERM.